IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Seletha Scott, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| Hartford Life and Accident | ) | |
| Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable

Court as follows:

### I.

Plaintiff is a citizen and resident of North Carolina.

### II.

Defendant is an insurance company organized and existing pursuant to the laws of

one of the States of the United States, and which does business in Greenville, South Carolina.

### III.

In this matter, Plaintiff seeks short term disability benefits under an ERISA plan

pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter

based upon a federal question. Defendant is subject to jurisdiction in this court because it

has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132 (e)), and a number

of the events transpiring during the review of Plaintiff's claim occurred in this forum.

### IV.

Until August 2020, Plaintiff was employed with Carolina Outreach and as an employee of Carolina Outreach, Plaintiff was provided with short term disability coverage via a plan which was fully insured by Defendant. Besides being the insurer of the plan, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid. Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

V.

Plaintiff became disabled because of certain problems from which she suffered, Plaintiff was forced to cease working and she filed a claim for short term disability benefits.

VI.

Defendant denied Plaintiff's claim. Plaintiff appealed the denial, but Defendant has failed to reach a decision on Plaintiff's appeal in a timely manner and, Plaintiff deems that her claim is denied as is her right per 29 C.F.R. §2560.503-1, and that her administrative remedies are fully exhausted.

VII.

Defendant made its claim decision while operating under a conflict of interest which significantly influenced the Defendant to deny Plaintiff's claim. The Defendant's decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process. Instead, the Defendant's decision was reached by Defendant ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased

information and flawed expert opinions.  Accordingly, Defendant operated under a conflict

of interest which improperly and significantly influenced its claim decision.

### FOR A FIRST CAUSE OF ACTION

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth

herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record

compiled in this case and any other evidence relevant to any factors discussed by *Champion*

*v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard

of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the

benefits which she seeks under the terms of the plan.  In the event that the court reviews the

record and/or other relevant information and determines that the Defendant abused its

discretion or that its decision is not supported by the record, but that the substance of the

record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks

that, in the event of such a finding, that the court exercise its inherent power to remand

Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.

Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays

that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff

prays for a declaration of entitlement to the short term disability benefits she seeks pursuant

to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and

such other and further relief as this Court deems just and proper, including pre-judgment

interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ M. Leila Louzri
M. Leila Louzri, Esq.
Federal Bar #:  12007
**FOSTER LAW FIRM, LLC**
PO Box 2123
Greenville, SC 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:  llouzri@fosterfoster.com

Date: July 9, 2021                    Attorneys for Plaintiff